**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OKLAHOMA**

1. PIPELINE INDUSTRY PENSION
   FUND

                                    CIVIL ACTION NUMBER:

2. PIPELINE INDUSTRY BENEFIT FUND       4:19-cv-00484-GKF-JFJ

3. PIPELINE INDUSTRY ANNUITY
   401(K) PLAN

4. LOCAL 798 TRAINING CENTER

5. PIPELINERS LOCAL UNION No. 798

   v.

1. COFANO ENERGY SERVICES, LLC

2. KURT COFANO

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR COLLECTION OF DELINQUENT CONTRIBUTIONS)

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### I. PARTIES

2. Plaintiff, PIPELINERS INDUSTRY PENSION FUND ("Pension Fund"), is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(a)(i), established by the United Association of Pipe Fitters of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by Local 798, for the purposes of providing retirement income to the employees.

1

The Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Pension Fund is administered in Tulsa, Oklahoma.

3. Plaintiff, PIPELINERS INDUSTRY BENEFIT FUND ("Health & Welfare Fund"), is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing medical benefits to the employees. The Health & Welfare Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Health & Welfare Fund is administered in Tulsa, Oklahoma.

4. Plaintiff, PIPELINE INDUSTRY ANNUITY 401(K) PLAN ("Annuity Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing annuity benefits to the employees. The Annuity Fund is authorized to sue in its own name by §502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Annuity Fund is administered in Tulsa, Oklahoma.

5. Plaintiff, Local Union No. 798 Training Center ("Training Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing apprenticeship and journeyman training benefits to employees. The Apprenticeship Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Training Center is administered in Tulsa, Oklahoma.

6. Plaintiff, PIPELINERS LOCAL UNION 798 ("Local 798"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 798 is located at 4823 S 83rd E Ave, Tulsa, Oklahoma 74115.

7. Defendant, CONFANO ENERGY SERVICES, LLC ("Cofano"), is a Pennsylvania Limited Liability Company. It has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has, at all material times, been engaged as a contractor or subcontractor in the industry of plumbing and pipefitting work and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12). It is a Pennsylvania business, with a principal place of business located at 3067 Woodridge Drive, Pittsburgh, Pennsylvania, 15227. Cofano Energy Services, LLC, may be served pursuant to Pa.R.C.P. art. 424 by delivering a copy of the summons to the registered address of Confano Energy Services, LLC as represented on the Pennsylvania Department of State Business website.

8. Defendant, KURT COFANO, a domiciliary of Pennsylvania, is a principal and to the best knowledge and belief of the Plaintiffs, the sole or controlling owner of Cofano Energy Services, LLC and has exercised control over the contributions due each Plaintiff, which are Plan assets of each Plaintiff. He may be served at his address 3067 Woodridge Drive, Pittsburgh, Pennsylvania, 15227.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367; §§ 502(e) and 515 of ERISA; 29 U.S.C. §§ 1132 (e) and 1145; and by § 301 (c) of the LMRA, 29 U.S.C. § 185 (c).

10. This Court has personal jurisdiction over the Defendants under §502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and § 301 of the LMRA, 29 U.S.C. § 185 (c). Defendants have conducted and continue to conduct business in the Northern District of Oklahoma, specifically providing mechanical and construction services to one or more individual facilities located in this District.

11. Venue is proper in the Northern District of Oklahoma, where the plans are administered and where the breach took place, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185 (a).

## COUNT ONE
### (UNPAID CONTRIBUTIONS AND LIQUIDATED DAMAGES AND BREACH OF COLLECTIVE BARGAINING AGREEMENT)

12. On March 2, 2018, Kurt Cofano signed for Cofano obligating the company to the Collective Bargaining Agreement ("CBA"), which binds Cofano to pay monthly contributions to the Pension Fund, Health & Welfare Fund, and Training Fund, collectively the "Plaintiffs Funds" or "Funds," on behalf of employees represented in collective bargaining by Local 798 for services performed at a project or projects in the Northern District of Oklahoma.

13. Under the CBA, Cofano is obligated to remit the following fringe benefits on behalf of employees engaged in covered employment and represented in collective bargaining by Local 798:

    a. $7.00 per hour paid to the Pipeline Industry Benefit Fund;

      b.      $14.15 per hour paid to the Pension Fund;

      c.      $6.62 per hour paid to the Annuity Fund;

      d.      $.70 per hour paid to the Training Fund.

14. The Collective Bargaining Agreement obligates Cofano to deduct 3% of its covered employees' gross wage for dues to Local 798. Additionally, an organizing fee of $.50 per hour worked is also deducted.

15. Further, as a signatory Employer, Cofano agrees to be bound by the Agreements and Declarations of Trust, and rules and regulations of the Plaintiffs Funds.

16. The CBA and Trust Agreements require Cofano to file monthly remittance reports itemizing hours worked by employees in the bargaining unit and covered by the CBA, and make the payments to the Funds and Local based upon information provided to Plaintiffs in from these reports.

17. Cofano has submitted remittance reports but has failed to make payments for its hourly fringe benefit contributions due each Fund and Local 798 for hours worked by employees performing covered employment from the week ending May 26, 2019 to present, submit its June 2019 and July 2019 remittance reports and continues to fail to make such payments.

18. In addition to its required employer contributions under the CBA, Cofano has also failed to remit to the Funds Employee 401k contributions that its employees have elected to have withheld from their wages.

19. Additionally, Cofano owes late fees under the CBA for prior payments not timely made on numerous payments going back to October, 2018..

20. The Funds and Local 798 have made several attempts to contact Cofano and Kurt Cofano requesting that Cofano submit the contributions. However, despite these attempts to seek compliance, Cofano has failed to remit payment of contributions owed.

21. The Funds are entitled to collect delinquent contributions owed from May 2019 to August 2019, and any delinquent contributions thereafter. The Plaintiffs Funds are entitled to accruing interest at 12% per annum.

22. In accordance with ERISA, the Plaintiffs Funds are also entitled to liquidated damages at 20% on contributions.

23. The Funds are entitled to recover all costs incurred in exacting compliance under the CBA, Plan Documents and Trust Agreements, including the actual costs of any payroll audit, attorneys' fees and costs of this litigation.

24. Cofano is liable for unpaid contributions owed from May 2019 to August 2019, and any additional contribution payments due but not made after the filing of this Complaint, liquidated damages, interest, attorneys' fees and costs, in accordance with §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and § 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Funds' Plans.

25. A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE**, the Plaintiffs Funds pray that this Court deem the Complaint sufficient and, after a trial on the merits, find for the Plaintiffs Funds, granting the following relief:

    a. Declaratory judgement determining all unpaid contributions owed to the Pension Fund, Health & Welfare Fund, Annuity Fund,

Apprenticeship Fund, National Pension Fund, and International Training Fund, including late fees previously incurred;

b. All unpaid dues to Local 798;

c. Interest on all unpaid contributions;

d. Liquidated damages;

e. Reasonable attorneys' fees and costs of litigation, including all costs of any payroll audit; and

f. Any and all legal or equitable relief that this Court deems appropriate, including an order compelling an audit of Defendants' payroll records.

## COUNT TWO

### *(PERMANENT INJUNCTION)*

26. Plaintiffs hereby incorporate the allegations in Paragraph 1 through 25 of this Complaint as if fully set forth and repeated in Count Two.

27. Defendant Cofano Energy Services, LLC, pursuant to the Collective Bargaining Agreement and the Trust documents, is obligated to make timely contributions and remittance reports to the Funds and Local 798 each month.

28. Defendant Cofano Energy Services, LLC has repeatedly failed to make such contributions.

29. This persistent disregard of the contribution obligations constitutes a violation of the terms of employee benefit plans and the Collective Bargaining Agreement and threatens the Funds and the Training Center and the Funds' and the Training Center's beneficiaries with irreparable harm.

WHEREFORE, Plaintiffs pray for a judgment in Count Two as follows:

a. That Defendant Cofano Energy Services, LLC, be enjoined from failing to timely pay contributions and failing to make reports to the Funds, the Training Center, and Local 798 in the manner required by the applicable collective bargaining agreements;

b. That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in § 502(g)(2) of the ERISA, 29 U.S.C. § 1132(g)(2); and

c. That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

## **COUNT THREE**

### *(BREACH OF FIDUCIARY DUTY)*

30. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 29 of this complaint as if fully set forth and repeated in Count Four.

29. The Funds' contractual right to collect unpaid monthly employer contributions is an asset of the Funds.

30. Defendant, Kurt Cofano as president and owner of Cofano Energy Services, LLC exercised authority and control over Fund assets, specifically unpaid monthly employer contributions to the Funds. Kurt Cofano is liable individually and as a fiduciary of the Funds pursuant to § 3 (21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) That the Court declare Cofano Energy Services, LLC and Kurt Cofano liable to the Funds for all unpaid fringe benefit contributions, plus interest and liquidated damages, due

and owing to each Fund for hours worked by covered employees employed by Cofano throughout the term of the CBA.

(b) For an accounting by payroll audit of Cofano Energy Services, LLC, books and records, at Defendants' expense, to verify the amount of unpaid fringe benefit contributions due to each Fund.

(c) That Defendants Cofano Energy Services, LLC and Kurt Cofano be enjoined from failing to pay contributions and making reports to the Funds and Local 798 in the manner required by the applicable CBA.

(d) That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

(e) That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

A copy of the Complaint has been served on the Secretary of Labor and the Secretary of the Treasury by certified mail pursuant to 29 U.S.C. § 1132(h).

Respectfully submitted,

**ROBEIN, URANN,**
**SPENCER, PICARD & CANGEMI, APLC**

/s/ Louis L. Robein
Louis L. Robein (LA Bar No. 11307)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
lrobein@ruspclaw.com

**HOLLOWAY•MONAGHAN•KING**

/s/ W. Brant Warrick
_____

Kelly F. Monaghan (OK Bar No. 11681)
W. Brant Warrick (OK Bar No. 30967)
4111 So. Darlington, Suite 900
Tulsa, Oklahoma 74135
Telephone: (918) 627-6202
Facsimile: (918) 627-6265
bwarrick@hmkoklaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 3rd day of September 2019, on the following:

Steven Terner Mnuchin
Department of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Alexander Acosta, Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20002

/s/ W. Brant Warrick_____